(September 11, 2007)

■ In the Matter of MICHAEL F. RICARD, Appellant, v WARREN REDLICH et al., Respondents, et al., Respondent. [841 NYS2d 409]—

Per Curiam. Appeal from an order of the Supreme Court (McDonough, J.), entered September 6, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid a certificate of substitution naming respondent Warren Redlich as a Republican candidate for the office of Member of the Town Council of the Town of Guilderland in the September 18, 2007 primary election.

On July 19, 2007, respondent Barbara A. Davis filed with respondent Albany County Board of Elections (hereinafter the Board) a designating petition naming her as a Republican candidate for the office of Member of the Town Council of the Town of Guilderland in the September 18, 2007 primary election. The petition appointed respondents Peter R. Kermani, Harry J. D'Agostino and Davis as the committee to fill vacancies. Davis thereafter filed a certificate of declination with respect to her designation as a candidate for the Town Council. A certificate of substitution dated July 26, 2007 and signed by Kermani and respondent Christine M. Benedict was filed with the Board naming respondent Warren Redlich as the candidate replacing Davis. Noting that Benedict was not a member of the vacancies committee, petitioner objected on July 30, 2007 to the certificate of substitution on the basis that, among other things, it was not signed by a majority of the committee to fill vacancies. Petitioner then commenced this Election Law proceeding on August 1, 2007 seeking to declare invalid the July 26, 2007 certificate of substitution. Also on August 1, 2007, a second cer-

tificate of substitution was filed with the Board naming Redlich as the replacement candidate for the Town Council. This certificate was signed by Kermani and Davis, both members of the vacancies committee. No proceeding was commenced to invalidate the certificate of substitution filed on August 1, 2007 nor did petitioner amend his petition to include a challenge to it. Supreme Court dismissed petitioner's challenge to the July 26, 2007 certificate of substitution on the ground that the filing of the August 1, 2007 certificate of substitution rendered the matter moot. Petitioner now appeals.

Inasmuch as the validity of the certificate of substitution filed on August 1, 2007 is not properly before us, we will not consider it. Accordingly, we will not conclude, as Supreme Court did, that petitioner's application challenging the first certificate of substitution is moot. Turning to the merits of the petition, the July 26, 2007 certificate of substitution, signed by only one member of the three-person committee to fill vacancies, was not signed by a majority of the committee to fill vacancies (*see* Election Law § 6-148 [2]) and, as such, must be invalidated. In view of the foregoing, it is inappropriate at this time to address the issue of whether the equitable relief of an opportunity to ballot requested by respondents should be permitted.

The remaining contentions asserted on behalf of respondents have been examined and found to be unavailing.

Crew III, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, petition granted and the July 26, 2007 certificate of substitution naming respondent Warren Redlich as a Republican candidate for the office of Member of the Town Council of the Town of Guilderland is declared to be invalid.